IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SLIMMARIE PERRYWATSON, | ) |
| Plaintiff, | ) No. 10 C 0639 |
| v. | ) Magistrate Judge |
| UNITED AIRLINES, INC., *et al.*, | ) Jeffrey Cole |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Slimmarie Perrywatson, was a flight attendant with United Airlines from 1978 until 2007. (*Complaint*, ¶ 1). On May 18, 2007, she was terminated. (*Complaint*, ¶ 4). She appealed her termination, along with a couple of earlier disciplinary actions, through her union – the Association of Flight Attendants ("AFA") – before an arbitration panel. The hearing process concluded on August 6, 2008, and the panel upheld the termination and disciplinary charges on December 26, 2008. (*Complaint*, ¶ 6). She filed discrimination charges with the Equal Employment Opportunity Commission and received a right to sue letter on May 22, 2009. (*Complaint*, ¶ 8). Ms. Watson then filed suit in the Northern District of Ohio on August 19, 2009, charging United Airlines with discrimination under Title VII, age discrimination under the Age Discrimination in Employment Act ("ADEA"), disability discrimination under the Americans With Disabilities Act, wrongful discharge, and retaliation. She also charged her union, the AFA, with age discrimination. Her case was transferred to this court, and both defendants have filed motions to dismiss.

1

The defendants argue, *inter alia*, that Ms. Perrywatson's Title VII and age and disability discrimination claims are barred by the applicable statutes of limitations. United Airlines also argues that her wrongful termination and retaliation claims are "minor disputes" under the Railway Labor Act, and must be dismissed because they are preempted by that Act. But before the defendants' arguments can be addressed, it is necessary to determine what Ms. Perrywatson's claims are about. The succinctness of the complaint, however, makes it exceedingly difficult to do so in the informed way that is essential to informed adjudication. Ms. Perrywatson has dismissed her Title VII claim [Dkt. # 18], so only her age and disability discrimination, wrongful discharge, and retaliation claims remain.

Ms Perrywatson alleges that she suffered unspecified on-the-job injuries in 1998, 2000, and 2004, each of which required surgery and medical leave. (*Complaint*, ¶ 2). She was suspended for thirty days in a disciplinary action – wrongfully, she seems to suggest – stemming from hotel charges in 2005. (*Complaint*, ¶ 3). She claims these charges – $8.81 – had already been "adjusted" eight months earlier. (*Complaint*, ¶ 3). She says she filed grievances through her union in 2003 and 2005, but does not mention what actions these grievances addressed. (*Complaint*, ¶ 5). In April 2007, she received a second disciplinary charge, this one stemming from a customer complaint. (*Complaint*, ¶ 4). This time she was terminated, on May 18, 2007. (*Complaint*, ¶ 4). She filed a grievance, which was combined with her earlier grievances, and went to arbitration. (*Complaint*, ¶ 6). The arbitration hearing ended on August 6, 2008, and the panel upheld her termination on December 26, 2008. (*Complaint*, ¶ 6). During the arbitration process, Ms. Perrywatson says that the AFA "misrepresented [her] case, denied her fair representation, violated its contract with her, withheld dated and documented evidence to support her grievances, refused to call witnesses, and engaged

in excessive delays." (*Complaint*, ¶ 7). Beyond these stark conclusions, the complaint does not explain what actually occurred.

Count II claims that United Airlines wrongfully terminated Ms. Perrywatson, and "failed to observe [her] basic constitutional due process rights, did not observe its own regulations and contractual agreement regarding the manner of disciplining and/or terminating an employee, and otherwise acted arbitrarily and capriciously in terminating [her]." (*Complaint*, ¶ 13). She further claims, in Count III, that United Airlines terminated her in retaliation for grievances she filed in 2003 and 2005. (*Complaint*, ¶ 17). It is unclear what law her wrongful discharge and retaliation claims are brought under, state law or federal law. If they arise under federal, as one might suspect from the reference to "constitutional due process rights", there is no indication what statute Ms. Perrywatson is invoking.

In Count IV of her complaint, Ms. Perrywatson charges both United Airlines and the AFA with age and disability discrimination. She claims the "act of terminating her in May 2007 was an act of age and disability discrimination against her on the part of Defendant United Airlines." (*Complaint*, ¶ 21). And she claims that "the lack of fair representation by Defendant [AFA] was likewise an act of age and disability discrimination against her." (*Complaint*, ¶ 22).

This claim leaves a number of questions unanswered. First, the reader has no idea what Ms. Perrywatson's disability – or perceived disability – might be. The Americans With Disabilities Act ("ADA") covers individuals who (1) have "a physical or mental impairment that substantially limits one or more major life activities;" (2) have "a record of such an impairment;" or (3) are "regarded as having such an impairment." 42 U.S.C. § 12102(1). All the complaint tells us is that Ms. Perrywatson had surgery and took medical leave. One could easily be required to do both those

3

things for an impairment that did not substantially limit a major life activity. And assuming that is the case, she would have to allege that the defendants both regarded her as having such an impairment even though she did not. But the complaint does not allege anything of the kind; it does not even attempt to explain what her injury was.

In addition, plaintiffs bringing ADEA claims generally allege how old they are, for they must state that they are in the statute's protected age group. 29 U.S.C. § 631(a). Ms. Perrywatson's complaint leaves the reader to arrive at that assertion on his own by calculating that she must be within the protected age group since she began her tenure at United Airlines in 1978. If that were all that were involved, it would not be worth mentioning. However, other elements of an ADEA claim are not so easily divined from the complaint's abbreviated allegations.

To assure the accurate adjudication of Ms. Perrywatson's claims, the best course is for Ms. Perrywatson to file an amended complaint fleshing out her allegations. In doing so, she should bear in mind the pleading standards the Supreme Court announced in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). A complaint must provide enough facts to make out a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). Although detailed factual allegations are not required, a "formulaic recitation of a cause of action's elements will not do ." *Twombly*, 550 U.S. at 547. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Ashcroft*, 129 S.Ct. at 1949. When the plaintiff's allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not satisfy the minimal pleading burden of Rule 8 of the Federal Rules of Civil Procedure. *Iqbal*, 129 S.Ct. at 1950.

For the foregoing reasons, the complaint is dismissed without prejudice. The plaintiff shall have 28 days to file an Amended Complaint, and the defendants shall have 28 days thereafter to answer or otherwise plead. The defendants' current motions to dismiss [Dkt. # 45, #46] are thus moot. When and if new motions to dismiss are brought, the parties' arguments should include the impact, if any, on defendants' statute of limitations arguments stemming from the Supreme Court's recent decision in *Lewis v. Chicago*, 2010 WL 2025206 (2010). The case is set for further status on 8/2/10 at 8:30 a.m.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 5/27/10