# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SLIMMARIE PERRYWATSON, | ) | |
| Plaintiff, | ) | No. 10 C 0639 |
| v. | ) | Magistrate Judge |
| | ) | Jeffrey Cole |
| UNITED AIRLINES, INC., *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Slimmarie Perrywatson was a flight attendant with United Airlines from 1978 until she was terminated on May 18, 2007. She appealed her termination, along with a couple of earlier disciplinary actions, through her union – the Association of Flight Attendants ("AFA") – before an arbitration panel. The hearing process concluded on August 6, 2008, and the panel upheld the termination and disciplinary charges on December 26, 2008. She filed discrimination charges with the Equal Employment Opportunity Commission ("EEOC") on May 7, 2009 and received a right-to-sue-letter about two weeks later because her charges were dismissed as untimely. Ms. Watson then filed suit in the Northern District of Ohio on August 19, 2009, charging United Airlines with discrimination under Title VII (a claim she has since dropped), age discrimination under the Age Discrimination in Employment Act ("ADEA"), disability discrimination under the Americans With Disabilities Act ("ADA"), wrongful discharge, and retaliation. She also charged her union, the AFA,

1

with age discrimination and disability discrimination. Her case was transferred to this court. The AFA has moved to dismiss.

The bulk of the allegations of the Amended Complaint relate to United. As for her union, she says that AFA filed grievances on her behalf challenging United's disciplinary actions against her in 2004, 2005, and 2007, the last one dealing with her termination. *(Amended Complaint*, ¶ 14). The arbitration process ended poorly for her, and she claims that the AFA:

> allowed all grievances to go forward even though the 2004 and 2005 disciplinary matters violated progressive discipline rules adopted by Defendant United Air Lines, Inc.; it misrepresented Plaintiff's case, violated its contract with her, withheld dated and documented evidence to support her grievances, refused her right to call witnesses, and engaged in excessive delays.

(*Amended Complaint*, ¶ 17). In her disability and age discrimination counts, Ms. Perrywatson, claims that when the AFA did these things, it discriminated against her due to her age – she is 55 – and disability – she tore the lateral meniscus in both her knees and has chondromalacia in both knees. (*Amended Complaint*, ¶¶ 6, 26). She says the AFA did not treat her as it treated other similarly situated individuals, and that it failed to argue at the arbitration that the real reason United terminated her was due to her age and disability. (*Amended Complaint*, ¶¶ 26-27).

"'[E]valuating the sufficiency of the complaint, we construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in her favor.'" *Reynolds v. CB Sports Bar, Inc.*, – F.3d –, –, 2010 WL 4137569, *2 (7th Cir. 2010). To survive a motion to dismiss, a complaint must do more than simply recite elements of a claim; it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) ( *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The plaintiff need not, however, plead "detailed factual allegations." *Id.*

Recently, the Seventh Circuit in *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010) addressed the impact of *Twombly* and *Iqbal* on complaints of discrimination:

> The Supreme Court's explicit decision to reaffirm the validity of *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002), which was cited with approval in *Twombly,* 550 U.S. at 556, indicates that in many straightforward cases, it will not be any more difficult today for a plaintiff to meet that burden than it was before the Court's recent decisions. A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else. That is an entirely plausible scenario, whether or not it describes what "really" went on in this plaintiff's case.

*Id.* at 404-05. The court then said it is enough that a complaint identifies the type of discrimination that the plaintiff thought occurred, by whom, and when. *Id.* at 405. "This is all that [a plaintiff] need[s] to put in the complaint." *Id. See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)("in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.")(parenthesis in original); *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 781-82 (7th Cir.2007)("[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim."). Thus, the AFA's motion to dismiss asks a bit too much of Ms. Perrywatson's Amended Complaint, although, as it turns out, Ms. Perrywatson has neglected a critical element of her discrimination claim against her union.

A union cannot act in a discriminatory manner in pursing a member's grievance; this is a

breach of its duty of fair representation. *14 Penn Plaza LLC v. Pyett*, – U.S. –, –, 129 S.Ct. 1456, 1473 (2009); *Air Line Pilots Ass'n, Intern. v. O'Neill*, 499 U.S. 65, 67 (1991); *Truhlar v. U.S. Postal Service*, 600 F.3d 888, 892 (7th Cir. 2010). When a union member pursues such a claim, she has to demonstrate that the union's decisions are the product of an improper motive. *Truhlar*, 600 F.3d at 893. In *Amalgamated Ass'n of Street, Electric Railway & Motor Coach Employees of America v. Lockridge,* 403 U.S. 274 (1971), the Court held that the duty of fair representation "carries with it the need to adduce substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives." *Id.* at 301. Mere negligence on the union's part does not amount to a breach of the duty of fair representation. *United Steelworkers of America, AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 372-73 (1990). The same goes for poor judgment, ineptitude, and tactical errors. *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1176-77 (7th Cir. 1995)(court cannot substitute its judgment for that of the union); *Gaston v. Teamsters Local 600, Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 614 F.3d 774, 778 (8th Cir. 2010)("Mere negligence, poor judgment or ineptitude on the part of the union is insufficient to establish a breach of the duty of fair representation."); *Vaughn v. Air Line Pilots Ass'n, Intern.*, 604 F.3d 703, 709 (2nd Cir. 2010)(tactical errors are insufficient to show a breach of the duty of fair representation). [1]

Ms. Perrywatson's allegations in this regard are, indeed, abbreviated, and perhaps if all she said was that the AFA misrepresented her case and did not make the right calls regarding which evidence to present or witnesses to call, her claim would be inadequate. *See Lusk v. Eastern*

---

[1] In other contexts, Title VII being one, liability cannot be based on decisions that are merely "mistaken, ill-considered or foolish...." *Ballance v. City of Springfield,* 424 F.3d 614, 617 (7th Cir. 2005).

*Products, Inc.*, 427 F.2d 705, 707-08 (4th Cir. 1970)(complaint properly dismissed where the only allegation was that the union refused to present a grievance, but there was no allegation of improper animus for that failure). But she did attribute these failings to improper motive on the union's part: she alleged that the AFA did, or did not do, all those things because of a discriminatory animus toward her due to her age and disability. That is sufficient under *Swanson*.

With the exception of *Lusk v. Eastern Products, Inc., supra*, the cases upon which the AFA relies that seemingly demand more, all dealt with the quality of the eventual proof. None dealt with the sufficiency of allegations in a complaint in the context of a 12(b)(6) motion. *See Cannon v. Consolidated Freightways Corp.*, 524 F.2d 290, 295 (7th Cir. 1975)("The plaintiff has failed to *prove* a breach of the duty of fair representation . . . .")(emphasis supplied); *Crider v. Spectrulite Consortium, Inc.*, 130 F.3d 1238 1243 (7th Cir. 1997)(evidence presented on summary judgment inadequate); *Bazarte v. United Transportation Union et al.*, 429 F.2d 868, 872 (3rd Cir. 1970)("*proof* that the union may have acted negligently or exercised poor judgment is not enough . . . .")(emphasis added); *Dente v. International Organization of Masters, Mates and Pilots, Local*, 90 492 F.2d 10, 12 (9th Cir. 1973)(" Examining the entire *record*, we find no *evidence* that the union 'unfairly represented' [plaintiff] in a manner . . . that was performed in bad faith or that could be characterized as arbitrary or discriminatory.")(emphasis added).

If it is Ms. Perrywatson's lack of evidence that troubles the AFA – and it certainly seems to given its focus on that subject – the thing to have done would have been to have filed a motion for summary judgment, instead of successive motions to dismiss. In the end, it may well be that all Ms.

5

Perrywatson will be able to show is a number of missteps or omissions, without being able to prove any discriminatory motive. But, that remains to be seen. For now, her allegations are adequate.

That being said, the Amended Complaint does fall short in one respect. In addition to alleging discriminatory motive and unfair representation, a plaintiff must also allege that she was actually harmed by the union's conduct. *Garcia*, 58 F.3d at 1176. In other words, Ms. Perrywatson had to allege that the outcome of her arbitration would probably have been different but for the union's activities. *Id.* at 1177.[2] Although the Amended Complaint states where the union allegedly went wrong in the arbitration proceedings, it does not allege that these acts and omissions contributed to the outcome of the proceedings. For this reason, her claim against the AFA must be dismissed.

## CONCLUSION

The AFA's motion to dismiss [# 67, 68] is GRANTED, and the plaintiff's claim against the AFA is dismissed without prejudice with leave to replead within 28 days.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: 12/17/10

---

[2] *Compare Jones v. City of Chicago*, 856 F.2d 985, 993 (7th Cir. 1988)(the principles of legal causation are as applicable to constitutional torts as to common law torts).

6