**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **SLIMMARIE PERRYWATSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 10 C 0639 |
| | ) | |
| v. | ) | **Magistrate Judge** |
| | ) | **Jeffrey Cole** |
| **UNITED AIRLINES, INC.,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This is the fourth time the plaintiff's complaint has been challenged. The plaintiff, Slimmarie Perrywatson, and her allegations against the defendant, the Association of Flight Attendants ("AFA"). (Dkt. # 60, 82, 84). *See Perrywatson v. United Airlines, Inc.,* 762 F.Supp.2d 1107 (N.D.Ill. 2011); *Perrywatson v. United Airlines, Inc.,* 2010 WL 5256374 (N.D.Ill. 2010); *Perrywatson v. United Airlines, Inc.,* 2010 WL 2169489 (N.D.Ill. 2010). In brief, the plaintiff was a flight attendant with United Airlines from 1978 until her employment was terminated on May 18, 2007. She appealed her termination to an arbitration panel, along with earlier disciplinary actions. She was represented by her union, the Association of Flight Attendants ("AFA"). The hearing process concluded on August 6, 2008, and the panel upheld the termination and disciplinary charges on December 26, 2008. The plaintiff has filed a third amended complaint.

As the Association of Flight Attendants points out, many of the allegations in the third amended complaint are the same as those in its predecessors. *See Defendants' Reply* at 2, n.2. In

essence, despite allegations that seem to charge the defendant with discrimination based on age and disability, the third amended complaint involves the defendants' claimed inadequate representation of Ms. Perrywatson before the arbitration panel.[1] The AFA finds this latest version to be no better, and moves to dismiss it because the plaintiff has not adequately alleged that she has been harmed by the union's conduct.

The last opinion regarding the plaintiff's pleadings in this case dismissed the plaintiff's prior attempt for just this flaw – she failed to allege that she was harmed by the union's conduct. (Dkt. # 82). The opinion specifically directed the plaintiff to the Seventh Circuit's holding in *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1176-77 (7th Cir. 1995). As the opinion noted, the Seventh Circuit was quite clear about the elements of a claim against a union in these circumstances:

> The plaintiff must also establish both that the union acted at least arbitrarily *and* that the plaintiff was actually harmed by the union's actions. . . . [Plaintiff] must therefore establish that the outcome of the arbitration would probably have been different but for the union's activities.

58 F.3d at 1176-77; (Dkt. # 82, at 6). It was assumed that it would be a simple matter for the plaintiff to include such an allegation – that the outcome of the hearing would have been different but for the union's activities – in her complaint, thereby correcting it, and so, the complaint was dismissed without prejudice.

In this latest version of her allegations, the plaintiff lists what she feels to have been the AFA's failings during the proceedings before the panel: it didn't raise her medical issues; it allowed

---

[1] The plaintiff's pleading continues to be a model of uncertainty and unfocused allegations. It is her contention that in addition to a lack of "fair representation," there was "active discrimination committed by the union...." (*Reply* at 7). It was as a consequence of these misdeeds, says the plaintiff, that she lost her job, apparently by not prevailing at the arbitration as she ought to have.

old grievances that violated progressive discipline rules to go forward; it allowed stale grievances to go forward; it failed to argue that the reason for plaintiff's discharge had been age and disability discrimination; it withheld dated and documented evidence to support her grievances; engaged in excessive delays and refused to call witnesses. (*Third Amended Complaint*, ¶¶ 14, 23-27; *Reply* at 8). She then ascribes, although somewhat awkwardly, a discriminatory motive for these failings. In essence, it is her contention that the union essentially blew off her defense because of her age and supposed disability. (*Third Amended Complaint*, ¶ 25). She closes with this:

> Plaintiff says that, by virtue of and as a direct result of the acts or omissions committed by Defendant AFA, she has sustained damages, including, but not limited to, lost wages and loss of employment since May 18, 2007 with Defendant United, mental anguish and other psychological injuries, loss of reputation, and other compensatory damages.

(*Third Amended Complaint*, ¶ 25).

**A.**

The defendant has moved to dismiss the third amended complaint on the theory that it fails to allege that, but for the alleged failings, the outcome of the arbitration would have been different. With understandable impatience, the defendant laments that Ms. Perrywatson "has had three opportunities to amend her Complaint." She should be allowed no more. (*Memorandum* at 5). The best that can be said of the plaintiff's most recent attempt is that it arguably – and just barely – "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) ( *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The plaintiff need not plead "detailed factual allegations," *Id.*, and her complaint must be "'construed it in the light most favorable to her, accepting well-pleaded facts as true, and drawing all inferences in her favor.'"

3

*Reynolds v. CB Sports Bar, Inc.*, – F.3d –, –, 2010 WL 4137569, *2 (7th Cir. 2010). The plaintiff's allegations are confusing because the AFA had nothing to do with her losing her job. Its role was limited to what occurred after that loss and in Ms. Perrywatson's attempted reversal of United's decision to fire her. But when the allegations are assessed in the light most favorable to her and drawing all inferences in her favor, it does appear that plaintiff is alleging that, but for the AFA's failings, she probably would have regained her job – *i.e.*, won her hearing.

In the AFA's defense, why the plaintiff didn't simply follow the instructions in the previous order is mystifying given the history of the case and the nature of the pleadings that had been advanced. The order was clear about the type of allegation that would put the plaintiff in the clear. For some reason, the plaintiff ignored the prior opinions and chose not to allege that the outcome of her hearing would probably have been different if the union had done what she insists ought to have been done. Instead, the third amended complaint had to be construed to determine if what allegations there were passed muster under *Garcia.* This exercise would have been unnecessary had she just read and followed the previous opinion.

**B.**

The defendant has also moved to strike the third amended complaint pursuant to Rule 11(a), Federal Rules of Civil Procedure because it is not signed. The motion points out that the second amended complaint was not signed either. (*Motion* at 2). Rule 11(a) could scarcely be plainer. Every pleading, written motion and other paper must be signed by at least one attorney of record. The sanction is mandatory: "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." The omission was

called to the plaintiff's lawyer's attention on February 28, 2011 [Dkt. 96 at 2]. The plaintiff's attorney has done nothing since then. In fact, his response to the motion to dismiss, which was filed on March 13, 2011, ignores the argument.[2]

This sort of insouciance is not permissible. Among the basic obligations of lawyers who practice in the federal courts is compliance with the Federal Rules of Civil Procedure and the deadlines prescribed by those rules or set by the court. "Lawyers and litigants who decide to play by rules of their own invention will find that the game cannot be won." *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir.1994). Indeed, the Seventh Circuit has repeatedly warned that ignoring deadlines is the surest way to lose a case. *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir.1994). *See also Harris v. Owens-Corning Fiberglass Corp.,* 102 F.3d 1429, 1433 (7th Cir.1996).

## CONCLUSION

For the foregoing reasons, the AFA's motion to dismiss under Rule 12(b) [## 95, 96] is DENIED. The AFA's motion to strike the third amended complaint pursuant to Rule 11(a) is granted. If the plaintiff's lawyer has not complied with Rule 11(a) by 12:00 p.m. CST on June 24, 2011, the case will be dismissed with prejudice.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: 6/20/11

---

[2] This is not the plaintiff's lawyer's first refusal to comply with basic rules in the federal court. Despite the requirement in our Local Rules that lawyers who are not members of the bar of this court must have local counsel, the plaintiff's lawyer for many weeks did not obtain counsel despite repeated instructions by the court.