**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SLIMMARIE PERRYWATSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 639 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has moved to strike what it terms "objectionable statements" from (1) Plaintiff's Response to Defendant's Statement of Material Facts, (2) Plaintiff's entire Statement of Additional Material Facts, (3) Plaintiff's unauthenticated exhibit, which is attached to Plaintiff's Statement of Additional Material Facts (labeled by Plaintiff as "A-10"), (4) Plaintiff's Memorandum of Law In Opposition to Defendant's Motion for Summary Judgment, or portions thereof, and (5) any other sections that discuss facts without citation to the record. The motion is denied except that portion which objects to the plaintiff having filed a 20-page brief without permission of court in violation of Local Rule 7.1, which limits the length of a brief in support of any motion to 15 pages unless allowed by the court.

In some three dozen decisions beginning with *Loeffel Steel Products, Inc. v. Delta Brands*, Inc. 379 F.Supp.2d 968, 971 (N.D.Ill. 2005) and most recently in *McNeal v. Bruno*, 2012 WL 1414865, 1 (N.D.Ill. 2012), this court has discussed at length the requirements of Rule 56, Federal Rules of Civil Procedure, and Local Rule 56.1 and the consequences of non-compliance with their

strictures.[1] Those cases, as well as those by judges in this district and elsewhere, generally make clear that motions to strike portions of summary judgment submissions alleged to be non-compliant with the Rules' requirements are not favored. This is how *Loeffel Steel* put it:

> Motions to strike are disfavored, because they potentially serve only to create delay. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.1989); *Spearman Industries Inc. v. St. Paul Fire and Marine Ins. Co.*, 109 F.Supp.2d 905, 907 (N.D.Ill.2000). There may be occasions where a motion to strike might remove unnecessary clutter from a case, but this is certainly not one of them. LR 56.1 governs the filing of statements of facts and responses thereto in summary judgment proceedings. The rule includes its own enforcement provisions, making motions to strike LR 56.1 statements or responses superfluous at best. *Sphere Drake Ins. Ltd. v. All American Life Ins. Co.*, 300 F.Supp.2d 606, 613 (N.D.Ill.2003); *Lenoir v. Combined Ins. Co. of America*, No. 01 C 5267, 2002 WL 1949735, *6 (N.D.Ill. Aug. 23, 2002). As such, DBI's motion to strike is denied. Instead, I shall follow the rule in assessing the parties' statements of fact and responses thereto.

*Loeffel Steel Products, Inc*,. 379 F.Supp.2d at 971.

Thus, while the motion to strike is denied, that does not mean that the defendant's arguments and observations are not correct. They may well be and will be effectively considered in assessing the adequacy of the plaintiff's submission. It is merely to say that there is no need to have separate, satellite litigation prior to the substantive consideration of that submission. Nor does denial of the motion mean that the court is unaware that the Seventh Circuit, with undeviating regularity, upholds strict enforcement by district judges of Local Rule 56.1. (Memorandum at 2). Indeed, this court's summary judgment opinions have not only reiterated that proposition but have, in fact, insisted on strict compliance with the applicable Rules. But strict enforcement does not require or allow motions to strike the submission claimed to be violative of the Rules.[2]

---

[1] None of these cases are cited in the plaintiff's motion. The motion's reference to "this Court"in connection with cases cited in the motion is a reference to the Northern District of Illinois. As used herein, the reference to "this court" is obviously used in a more limited sense.

[2] *Malec v. Sanford*, 191 F.R.D. 581 (N.D.Ill. 2000), on which the plaintiff relies, does not suggest

(continued...)

The defendant has also moved to strike the plaintiff's submission because it cites to several pre-January 1, 2007 unpublished opinions, which it contends violates Rule 32.1 of the Federal Rules of Appellate Procedure – an infraction which the plaintiff says requires that the opinion not be considered. Several Circuit Courts of Appeals, including the Seventh Circuit, prior to January 1, 2007, had promulgated rules that sought to reduce the proliferation of published opinions and the citation to them. The debate over the use that could be made of unpublished opinions goes back a number of years and had sharply divided the federal judiciary. The history of the no-citation rule and its abrogation in 2007 by Rule 32.1 of the Federal Rules of Appellate Procedure is discussed in Jeffrey Cole, *The Demise of the No-Citation Rules: The Supreme Court Approves Federal Rule of Appellate Procedure 32.1,* The Circuit Rider, 17 (May 2006).

On April 12, 2006, the Supreme Court approved Federal Rule of Appellate Procedure 32.1, which provides that a court cannot prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been designated as "unpublished," "not for publication," "non-precedential," "not precedent" or the like; and issued on or after January 1, 2007. The rule is limited only to federal decisions. A party citing such an opinion that is not available in a publicly accessible electronic database must file and serve a copy with the brief in which it is cited.

While it is true that *Dupree v. Greyhound Lines, Inc.*, 540 F.Supp.2d 946, 951 n.2 (N.D.Ill. 2008) chose not to consider an unpublished pre-2007 opinion, it does not control here for several reasons. First, the decision of one district judge is not binding on another. *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009); *LM Ins. Corp. v. Spaulding Enter. Inc.*, 533 F.3d 542, 553

[2](...continued)
that motions to strike are an appropriate mechanism to test the sufficiency of a summary judgment submission. It simply observed that certain deviations from Rule 56 and Local Rule 56.1 invite motions to strike, which, the court said, are a waste of time. 191 F.R.D. at 583.

(7th Cir.2008). Second, the district court's decision was plainly an exercise in discretion, not a bow to the command of an inflexible rule. It must be remembered that two judges on the same set of facts can arrive at different decisions, and both can be an appropriate exercise of discretion. *United States. v. Banks,* 546 F.3d 507, 508 (7th Cir. 2008). Third, the argument for non-consideration is simply mistaken as the Seventh Circuit made clear in *Payne v. Pauley*, 337 F.3d 767, 780 (7th Cir. 2003):

> At oral argument, counsel for Payne asked us to clarify the rule in this Circuit for citing unpublished district court opinions. Although, as Payne's counsel noted, our opinions have been less than consistent regarding this issue, our Circuit Rule has remained consistent and clear and states as follows: "[e]xcept to the purposes set forth in Circuit Rule 53(b)(2)(iv), no unpublished opinion or order of any court may be cited in the Seventh Circuit if citation is prohibited in the rendering court." Circuit Rule 53(e). As there is no rule in the Northern District of Illinois barring citations to unpublished opinions (*see Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc.*, 98 F.Supp.2d 958, 959, n. 1 (N.D.Ill.2000)), nothing would prohibit a litigant from citing these unpublished district court opinions in this Court.[3]

Finally, the motion contends that certain decisions cited in the summary judgment submission should be ignored because copies were not appended to the submission. District judges have discretion to ignore a particular application of a Local Rule. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995)("decision whether to apply [a local] rule strictly or to overlook any transgression is one left to the district court's discretion"); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 351, 356 (N.D.Ill. 2005)(same)(collecting cases). I decline to ignore those cases.

---

[3] *Payne* was obviously not brought to the court's attention in *Dupree*.

However, if the cases are not available on Westlaw and the plaintiff has not submitted a copy, it will not be considered simply because I do not have access to it.

DATE: 8/2/12 ENTERED:______________________________

UNITED STATES MAGISTRATE JUDGE